IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

Jeremy M. Blank,

    Plaintiff,

vs.                                                      Case No. 20-cv-732-wmc

Joel Lindow, *et al.*,

    Defendants.

---

## PLAINTIFF JEREMY M. BLANK'S EMERGENCY MOTION FOR SCREENING UNDER 28 U.S.C. §1915A(a)

---

    Pursuant to Federal Rule of Civil Procedure ("FRCP") 7(b) and by this Motion the Plaintiff Jeremy M. Blank ("Blank") respectfully requests that this Court screen his complaint pursuant to 28 U.S.C. §1915A(a). In support of this Motion, Blank states and shows this Court as follows:

### STATEMENT OF FACTS

    1.    On August 8, 2020, the initial complaint in the above-captioned case was filed pursuant to 42 U.S.C. §1983 alleging that various prison officials had failed to protect him from self-harm, in violation of the United States Constitution. (Dkt. 1).

    2.    On August 7, 2020, an Initial Partial Filing Fee of $40.95 was assessed. (Dkt. 4).

    3.    On August 24, 2020, the Initial Partial Filing Fee of $40.95 was received. (no docket number assigned).

    4.    On January 19, 2021, Blank filed an Amended Complaint he intended to be the operative complaint and did not file a Motion for Leave to Amend due to the fact that the Defendants had not been served, or the complaint screened.

    5.    It is now five (5) months since the filing of the amended complaint, and ten (10) months since the filing of the initial complaint, without a screening.

    6.    This Motion follows.

## APPLICABLE LAW

Congress has the authority to require judges to expedite particular matters, *see Miller v. French,* 530 U.S. 327 (2000), and 28 §1915A(a) exercises that authority. Under 28 U.S.C. §1915A(a), district courts are required "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added).

## ARGUMENT

In *Wheeler v. Wexford Health Sources, Inc,* 689 F.3d 680 (7th Cir. 2012), the Seventh Circuit expedited the issuance of its mandate because of - *inter alia* - the district court's failure to screen the complaint for the better part of ten (10) months. "This complaint should have been screened before the end of September 2011. The district court must complete that task swiftly." *Id.,* at 683. While the Seventh Circuit was presumably concerned because the Plaintiff in Wheeler was suffering from ongoing pain, nothing suggests that ten (10) months is "as soon as practicable" as Congress envisioned in the passage of 28 U.S.C. §1915A(a).

With all due respect, Blank asserts that the screening is overdue and respectfully requests that it be completed shortly after this Motion is docketed/filed. This case - like many others - will likely involve conflicts in testimony that delay in screening can only serve to harm the ends of justice. Memories fade...

## CONCLUSION

Based upon the foregoing, Blank respectfully requests that this Court screen his amended complaint (Dkt. ___) forthwith.

Dated: 06/22/2021

Respectfully Submitted,

*Jeremy M. Blank*
Jeremy M. Blank
#341893
Jackson Correctional Institution
P.O. Box 233
Black River Falls, WI 54615-0233

*Pro se* Plaintiff